United States v. Maddiwar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                              19-2240

RAJESH MADDIWAR,

                      *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Kevin J. Keating, Garden City, N.Y.

                             Matthew Brissenden, Garden City, N.Y. (*on the brief*).

Appearing for Appellee:      Jessica Greenwood, Assistant United States Attorney (Sebastian Swett, Anna M. Skotko, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Rajesh Maddiwar appeals from the July 19, 2019 judgment of conviction entered in the United States District Court for the Southern District of New York (Ramos, *J.*) for conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Maddiwar contends that the evidence adduced at trial of his knowing and willful participation in a conspiracy to defraud homeowners and mortgage lenders and servicers was insufficient to support his conviction. "We review *de novo* challenges to the sufficiency of the evidence," and we will "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Abdulle,* 564 F.3d 119, 125 (2d Cir. 2009) (internal quotation marks and citation omitted).

We conclude that the evidence at trial of Maddiwar's knowing and willful participation in the conspiracy was sufficient. A reasonable jury could have concluded that Maddiwar "knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it," *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks and citation omitted), based on, inter alia, the testimony of victim homeowners as to Maddiwar's conduct, e-mails between Maddiwar and his co-conspirators, and Maddiwar's continued involvement as a closing attorney in the scheme despite his awareness of complaints from victims of the fraud.

Maddiwar argues that the testimony of his co-conspirator, Mario Alvarenga, was fatal to the government's case because Alvarenga testified that he did not consider Maddiwar to be a member of the conspiracy and did not inform Maddiwar of the fraudulent nature of the real estate transactions. We disagree. The jury was entitled to discount Alvarenga's testimony as not credible and, nonetheless, could have reasonably convicted Maddiwar in light of the ample circumstantial evidence of fraud. *See United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 158-59 (2d Cir. 2008) ("In order to avoid usurping the role of the jury, courts must defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony when reviewing the sufficiency of the evidence." (internal quotation marks and citations omitted)).

Maddiwar also raises several evidentiary challenges, including to (1) the admission of a news article (the "Newsday Article") reporting that Mitchell Cohen had been charged in a mortgage fraud scheme; (2) the admission of FBI Special Agent Patrick Daly's testimony about his interviews of Maddiwar in connection with two prior real estate fraud investigations; and (3) the preclusion of portions of Maddiwar's and Carmen Warner's testimony, which Maddiwar contends violated his constitutional right to present a defense.

"We review evidentiary rulings by the district court for abuse of discretion," *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019), though "[w]hether certain evidence is hearsay is generally a question of law that is reviewed *de novo*," *Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 746 F.3d 42, 54 (2d Cir. 2014). In addition, the district court has "broad discretion in making its rulings under Rules 403 and 404(b)." *United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992).

We turn first to Maddiwar's challenge to admission of the Newsday Article, which he claims constitutes inadmissible hearsay. We need not reach the issue of whether the district court erroneously admitted the Newsday Article because we conclude that any hypothetical error in this regard would have been harmless in light of the strong evidence of Maddiwar's guilt.

Turning to Maddiwar's second challenge, we further conclude that Special Agent Daly's testimony was not admitted in error. Maddiwar contends that Special Agent Daly's testimony violated the rule in *Huddleston v. United States* that extrinsic evidence should be admitted only if "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act," 485 U.S. 681, 685 (1988), because no evidence was adduced to establish that Maddiwar was a criminal co-conspirator in the fraud schemes Special Agent Daly was investigating. But as both parties concede, Special Agent Daly did not testify that Maddiwar had committed a criminal act or was consciously involved in either of the prior fraud schemes.

In any event, the district court did not admit Agent Daly's testimony on Rule 404(b) grounds, but as an opposing party's statement, *see* Fed. R. Evid. 801(d)(2), relevant because it tended to show that Maddiwar was on notice of fraud in the mortgage industry.

Nor did the district court abuse its "broad discretion," *see Gilan*, 967 F.2d at 780, in determining that the probative value of this testimony was not "substantially outweighed by a danger of . . . unfair prejudice," Fed. R. Evid. 403. Special Agent Daly testified that he interviewed Maddiwar in connection with Maddiwar's role as a closing attorney brought in at the "last minute" to represent sellers in real estate transactions, and that Maddiwar stated during one of the interviews that he "would only learn about fraud after a closing," and "there would have been no reason for a client to contact him after a closing." App'x at 223-25. This testimony was probative of Maddiwar's state of mind, suggesting that Maddiwar was aware of the risk of fraud while serving as the closing attorney for the fraudulent real estate transactions at issue at trial and that he may have consciously disregarded complaints about the transactions after closing. Further, although the particular fraudulent schemes discussed at these FBI interviews were not identical to the short-sale scheme charged in this case, the former schemes involved conduct "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge inference advocated by the proponent of the evidence." *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987). Insofar as Agent Daly testified that the FBI had twice interviewed Maddiwar in connection with real estate fraud investigations, any prejudice was mitigated by the fact that Daly did not suggest that Maddiwar was a target of either investigation, and defense counsel elicited testimony from him that Maddiwar met with law enforcement voluntarily, was cooperative, and was never criminally charged in connection with those investigations.

Last, the district court's preclusion of portions of Maddiwar's and Carmen Warner's testimony did not violate Maddiwar's right to present a defense. "[W]hether the exclusion of witnesses' testimony violated defendant's right to present a defense depends upon whether the omitted evidence evaluated in the context of the entire record creates a reasonable doubt that did not otherwise exist." *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir. 2000) (internal quotation marks, brackets, and citation omitted)). Maddiwar and Warner both offered extensive testimony to the same effect as the testimony to which the district court sustained objections. Thus, the evidentiary rulings that Maddiwar challenges—to the extent that they were erroneous at all—do not amount to a violation of due process.

We have considered the remainder of Maddiwar's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk